STATE OF HAWAI`I, Respondent/Plaintiff-Appellee,
v.
STEVEN REINHART, Petitioner/Defendant-Appellant.
No. 27177.
Supreme Court of Hawaii.
September 8, 2008.
Kirsha K.M. Durante, Deputy Public Defender (Deborah L. Kim, Deputy Public Defender, on the application; David B. Russell, Deputy Public Defender, on the brief), for petitioner/defendant-appellant.
Scott K. Hanano, Deputy Prosecuting Attorney, County of Maui (Artemio C. Baxa, Deputy Prosecuting Attorney, County of Maui, on the brief), for respondent/plaintiff-appellee.

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.
On June 26, 2008, Petitioner/Defendant-Appellant Steven Reinhart (Petitioner) timely filed a petition for writ of certiorari seeking review of the March 28, 2008 judgment of the Intermediate Court of Appeals (ICA) issued pursuant to its March 10, 2008 Summary Disposition Order (SDO)[1] affirming the February 10, 2005 judgment of the family court of the second circuit[2] (the court) convicting Petitioner of Abuse of Family and Household Members, Hawai`i Revised Statutes (HRS) § 709-906(4) (Supp. 2005).[3]
On August 4, 2008, this court accepted the petition for writ of certiorari. On September 4, 2008, oral argument was heard in this case.
Having considered the record, the submissions of the parties, and the oral argument in this case, we hold that there was insufficient evidence that Petitioner violated the "Warning Citation" ordering him "to leave the premises located at 239 #U Kawaipuna Pl[ace]" and prohibiting him from "return[ing] to the premises before the expiration of [the] warning citation" at 4:30 p.m. on December 13, 2004. See State v. Davalos, 113 Hawai`i 385, 389, 153 P.3d 456, 460 (2007) (when reviewing the "sufficiency of the evidence to support [a] conviction," this court considers the evidence in the light most favorable to the State to determine whether each element of the charged offense is supported by "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion" (internal quotation marks and citations omitted)).
Accordingly, the March 28, 2008 judgment of the ICA and the February 10, 2005 judgment of the court are reversed.
NOTES
[1] The SDO was issued by Presiding Judge Corinne K.A. Watanabe, and Associate Judges Daniel R. Foley and Katherine G. Leonard.
[2] The Honorable Eric G. Romanchek presided.
[3] HRS § 709-906 states in pertinent part as follows:

(4) Any police officer, with or without a warrant, may take the following course of action where the officer has reasonable grounds to believe that there was physical abuse or harm inflicted by one person upon a family or household member, regardless of whether the physical abuse or harm occurred in the officer's presence:
(a) The police officer may make reasonable inquiry of the family or household member upon whom the officer believes physical abuse or harm has been inflicted and other witnesses as there may be;
(b) Where the police officer has reasonable grounds to believe that there is probable danger of further physical abuse or harm being inflicted by one person upon a family or household member, the police officer lawfully may order the person to leave the premises for a period of separation of twenty-four hours, during which time the person shall not initiate any contact, either by telephone or in person, with the family or household member; provided that the person is allowed to enter the premises with police escort to collect any necessary personal effects;
(c) Where the police officer makes the finding referred to in paragraph (b) and the incident occurs after 12:00 p.m. on any Friday, or on any Saturday, Sunday, or legal holiday, the order to leave the premises and to initiate no further contact shall commence immediately and be in full force, but the twenty-four hour period shall be enlarged and extended until 4:30 p.m. on the first day following the weekend or legal holiday;
(d) All persons who are ordered to leave as stated above shall be given a written warning citation stating the date, time, and location of the warning and stating the penalties for violating the warning. A copy of the warning citation shall be retained by the police officer and attached to a written report which shall be submitted in all cases. A third copy of the warning citation shall be given to the abused person;
(e) If the person so ordered refuses to comply with the order to leave the premises or returns to the premises before the expiration of the period of separation, or if the person so ordered initiates any contact with the abused person, the person shall be placed under arrest for the purpose of preventing further physical abuse or harm to the family or household member[.]